UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUL 1 3 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-414-GWU

JOANN ROSE, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Joann Rose brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Rose, a 54 year-old former van driver and assembly line worker with a high school equivalent education, suffered from impairments related to being status post two back surgeries, hypertension, a history of incisional hernia and chronic obstructive pulmonary disease. (Tr. 23, 25). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24-25).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security Benefits. Therefore, the Court must grant the plaintiff's summary judgment

5

motion, in so far as it seeks a remand of the action for further consideration, and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Ralph Crystal included such restrictions as (1) an inability to lift more than 20 pounds and 10 pounds on a frequent basis; (2) an inability to sit for more than six hours in an eight-hour day; (3) an inability to stand or walk for more than six hours in an eight-hour day; (4) an inability to more than occasionally climb ladders, ropes, or scaffolds; and (5) a need to avoid "moderate" exposure to fumes, odors, and gases as well as "concentrated" exposure to extreme heat and cold. (Tr. 103-104). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 104). The ALJ later added a sit/stand option. (Tr. 104). The witness indicated that the available job numbers would be reduced, but that a significant number would remain. (Tr. 105).

The ALJ erred in addressing a treating physician's opinion. Dr. Sandra Dionisio, a treating physician at the White House Clinic, opined that Rose should not lift more than five pounds. (Tr. 384). This limitation alone would restrict the plaintiff to sedentary level work, triggering application of Rule 201.12 of the Medical-Vocational Guidelines which would mandate a finding of disabled status. Despite being the opinion of a treating source, the ALJ failed to state the reasons why Dr. Dionsio's lifting restriction was rejected as binding in the text of the denial decision. (Tr. 20-26). The federal regulations at 20 C.F.R. 404.1527(d)(2) require an ALJ to articulate the reasons why the opinion of a treating physician is to be rejected and the failure to state such reasons constitutes reversible error. Wilson v. Commissioner of Social Security, 378 F.3d 541, 546 (6th Cir. 2004). Therefore, a remand of the action for further consideration is required.

6

The hypothetical question also did not fairly characterize Rose's physical condition. As previously noted, Dr. Dionisio limited the plaintiff to lifting no more than five pounds, far less than the 20 pounds presented to the vocational expert. Dr. Madhu Sahai, allegedly another treating source, also restricted the plaintiff from lifting more than five pounds. (Tr. 488). Dr. Sahai also reported a number of other limitations concerning postural activities, reaching, handling and exposure to vibration and moving machinery which were not presented in the hypothetical question. (Tr. 489-490). The ALJ purported to rely heavily upon the opinion of Dr. Rita Ratliff, an examining consultant, who saw the claimant on two separate occasions. (Tr. 24). However, Dr. Ratliff restricted Rose from lifting more than 10 to 15 pounds after the initial examination in January of 2000. (Tr. 214). This limitation is somewhat more restrictive than the limitation presented in the hypothetical question and could preclude light level work. Dr. Ratliff did not report specific weight lifting limits following her December, 2001 examination but only stated that the plaintiff would have a "moderate" restriction upon lifting. (Tr. 324). Significantly, Dr. Ratliff also reported "moderate" limitations in such areas as stooping, bending, traveling and carrying objects, none of which was included in the hypothetical question presented to Crystal. (Tr. 324). Therefore, the hypothetical question did not fairly reflect the opinion of any of the medical sources who actually examined Rose.

The ALJ's hypothetical factors were compatible with the restrictions identified by Dr. John Rawlings (Tr. 222-231), Dr. Calixto Hernandez (Tr. 333-343), and Dr. Sudhideb Mukherjee (Tr. 412-420) the non-examining medical reviewers. An ALJ may rely upon the opinion of a non-examiner over an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). None of

7

these physicians addressed Dr. Dionisio's opinion. Therefore, their opinions could not be used to support the administrative decision.

The undersigned concludes that the administrative decision must be reversed, and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __13__ day of July, 2005.

G. WIX UNTHANK
SENIOR JUDGE